**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Theo Shorty**, <br><br> Plaintiff, <br><br> vs. <br><br> **Day and Night Medical Trans Inc.**, an Arizona corporation; **Ammar Adam and Jane Doe Adam**, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Theo Shorty ("Plaintiff" or "Theo Shorty"), sues the Defendants, Day and Night Medical Trans Inc., and Ammar Adam and Jane Doe Adam (collectively, "Defendants" or "Day and Night Medical Transportation") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid overtime and minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article

-1-

8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." <u>Barrentine v. Ark Best Freight Sys. Inc.</u>, 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. <u>See</u> 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime rate of pay for all time spent working in excess of 40 hours in a given workweek. <u>See</u> 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Apache County, Arizona, and is a former employee of Defendants.

8. At all material times, Day and Night Medical Trans Inc. is a corporation duly licensed to transact business in the State of Arizona. At all material times, Defendant Day and Night Medical Trans Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Day and Night Medical Trans Inc. owned and operated as "Day and Night Medical Transportation," a non-emergency medical transportation company located in Phoenix, AZ.

10. Under the FLSA, Defendant Day and Night Medical Trans Inc. is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Day and Night Medical Trans Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Defendant Day and Night Medical Trans Inc. is subject to liability under the FLSA.

11. Defendants Ammar Adam and Jane Doe Adam are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Ammar Adam and Jane Doe Adam are owners of Day and Night Medical Trans Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendants Ammar Adam and Jane Doe Adam are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Ammar Adam and Jane Doe Adam had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Day and Night Medical Transportation's employees, Defendants Ammar Adam and Jane Doe Adam are subject to individual liability under the FLSA.

13. Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14. Defendants, and each of them, are sued in both their individual and corporate capacities.

15. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

25. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

26. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

**FACTUAL ALLEGATIONS**

27. Defendants own and/or operate as Day and Night Medical Transportation, an enterprise located in Maricopa County, Arizona.

28. Plaintiff was hired by Defendants in approximately June 2022.

29. At all relevant times, Plaintiff worked for Defendants through approximately September 2022.

30. At all relevant times, in his work for Defendants, Plaintiff worked as a transport driver for Defendants.

31. At all relevant times, Plaintiff's primary job duties included providing non-emergency medical transportation to individuals in Defendants' company Subaru vehicle between the Navajo Nation and other locations throughout Arizona.

32. Defendants, in their sole discretion, paid Plaintiff by the mile regardless of the number of hours he worked in a given workweek.

33. Plaintiff, in his work for Defendants, often worked in excess of 40 hours in a given workweek.

34. Defendants did not compensate Plaintiff one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

35. Defendants classified Plaintiff as W-2 employee.

36. At all relevant times, was supposed to be paid on a biweekly basis, although Defendants did not pay Plaintiff for the first time until after having worked for them for more than one month.

37. In his final three workweeks of employment with Defendants, Plaintiff worked approximately between 30 and 40 hours each week.

38. Defendants never compensated any wage whatsoever for time worked in his final three workweeks of employment with Defendants.

39. On or about September 30, 2022, Plaintiff contacted Defendants to inquire as to the status of his unpaid paychecks.

40. In response, Defendants' office manager stated that, because the state had not paid Defendants for work Plaintiff performed, Defendants would not be compensating Plaintiff until the state compensated them.

41. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

42. As such, Defendants failed to compensate Plaintiff any wages whatsoever for the final three workweeks of his employment with Defendants.

43. As a result of not having paid any wage whatsoever to Plaintiff during his final three workweeks with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

44. As a result of Defendants' failure to compensate Plaintiff any overtime wage whatsoever for the hours he worked in excess of 40 hours in a given workweek, Defendants violated 29 U.S.C. § 207(a).

45. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

46. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

47. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-350, et seq.

48. Plaintiff was a non-exempt employee.

49. Plaintiff was not a manager in his work for Defendants.

50. Plaintiff did not have supervisory authority over any employees in his work for Defendants.

51. Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

52. Plaintiff did not possess the authority to make critical job decisions with respect to any of Defendants' employee in his work for Defendants.

53. Plaintiff did not direct the work of two or more employees in his work for Defendants.

54. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

55. Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

56. Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

57. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

58. Plaintiff is a covered employee within the meaning of the FLSA.

59. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

61. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

62. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME**

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

65. In a given workweek, Defendants failed to pay Plaintiff one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

66. As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

67. As a result of Defendants' failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

68. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

69. Defendants have and continue to violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

70. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Theo Shorty, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated overtime wage provisions of the FLSA, 29 U.S.C. § 207(a) by failing to pay proper overtime wages;

B. For the Court to award Plaintiff's unpaid overtime wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE

71. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72. As a result of not paying Plaintiff any wage whatsoever for the final three workweeks of his employment, Defendant failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

73. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

74. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Theo Shorty, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT THREE: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

75. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

76. As a result of not paying Plaintiff any wage whatsoever for the final three workweeks of his employment, Defendant failed or refused to pay Plaintiff the Arizona minimum wage.

77. Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

78. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Theo Shorty, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**

79. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80. As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to him.

81. Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

82. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the final three workweeks in which he was employed by Defendants.

83. Plaintiff is therefore entitled to compensation for unpaid wages, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Theo Shorty, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 13th day of January, 2022.

                                      BENDAU & BENDAU PLLC

                                      By: /s/ *Clifford P. Bendau, II*
                                      Clifford P. Bendau, II
                                      Christopher J. Bendau
                                      *Attorneys for Plaintiff*

# **VERIFICATION**

Plaintiff, Theo Shorty, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Theo Shorty (Jan 12, 2023 20:30 MST)
Theo Shorty