**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Theo Shorty**, Plaintiff, v. **Day and Night Medical Trans Inc.**, et al., Defendants. | No. 2:23-cv-00084-JZB **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS** |

Pursuant to the Federal Rules of Civil Procedure 55, Plaintiff, Theo Shorty ("Plaintiff"), respectfully requests that the Court enter judgment by default against Defendants Day and Night Medical Trans Inc. and Ammar Adam and Jane Doe Adam (collectively "Defendants").

**I. Procedural History.**

Plaintiff filed his Complaint seeking unpaid minimum wages under the Fair Labor Standards Act ("FLSA") and unpaid minimum wages and unpaid wages under the Arizona Minimum Wage Act ("AMWA") and the Arizona Wage Act ("AWA") against

Defendants on January 13, 2023. (Doc. 1). Defendants were served on January 30, 2023. (Docs. 10-12). Defendants' Answers were due on or before February 20, 2023. Defendants have failed to plead or otherwise defend and are now in default. The Clerk of the Court entered default against Defendants on March 9, 2023. (Doc. 14). Plaintiff now seeks default judgment against all Defendants. In support of this request, Plaintiff relies upon the record in this case and his declaration submitted (attached as "**Exhibit A**").

**II. Legal Standard**

Federal Rule of Civil Procedure 55(a) provides that the clerk of the court must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Once a party has been defaulted, a court may enter a default judgment. Fed. R. Civ. P. 55(b).

In determining whether to grant a default judgment, "[t]he general rule of law [is] that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Televideo Sys. Inc. v. Heidenthal,* 826 F.2d 915, 917-918 (9th Cir. 1987).

While a plaintiff must prove damages when seeking a default judgment, this evidentiary burden is "relatively lenient." *Elektra Entrnm't Group v. Bryant*, No. 03-6381, 2004 WL 783123 at *2 (C.D. Cal. Feb. 13, 2004). In determining damages, the Court can properly rely on declarations submitted by the Plaintiff. Fed. R. Civ. P 55(b)(2).

## III. Argument

### A. Plaintiff has Met the *Eitel* Factors

The Ninth Circuit has articulated factors the Court should consider in deciding whether to grant a monetary default judgment. Those are: (1) the possibility of prejudice to the Plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, if any, (5) the possibility of dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

#### 1. Possibility of Prejudice to the Plaintiff.

The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Id*. Prejudice exists where, absent entry of default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See generally Elektra Entm't Group, Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005).

By virtue of their default, Defendants have admitted the allegations of the Complaint. Because Defendants are refusing to participate in this litigation, a default judgment stands as Plaintiff's only remaining act of recourse in this matter. This factor weighs heavily in favor of default judgment.

#### 2. The Merits of the Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002).

As stated above, after the Clerk enters default, the factual allegations of the complaint are taken as true. *Televideo Sys*., 826 F.2d at 917-918.

**3. The Amount of Money at Stake**

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *Pepsico*, 238 F.Supp.2d at 1176.

Plaintiff worked for Defendants from about June 2022 through about September 2022 as a transport driver. Ex. A, at ¶ 6. In his work for Defendants, he generally worked between 30 and 40 hours per week. *Id.* at ¶ 9. While Plaintiff asserts that he did not receive overtime for time worked in excess of 40 hours, and that Defendants failed to pay him for all hours worked, Plaintiff has sparse evidence available to him, and, accordingly, seeks judgment in his favor only for the sole, approximately 10-hour shift he worked during his final workweek on September 10, 2022. *Id.* at ¶¶ 10-11. Plaintiff's regular rate of pay for his work for Defendants was $15 per hour. *Id.* at ¶ 8. During his final shift, Plaintiff worked approximately 10 hours. *Id.* at ¶ 12. Plaintiff should have been paid $150 for his final workweek. *Id.* at ¶ 14. However, that shift and workweek went completely unpaid by Defendants. *Id.* at ¶¶ 13-14. Accordingly, Plaintiff claims 10 hours at the agreed rate of $15 per hour that went completely uncompensated by Defendants. *Id.* at ¶ 17.

In Exhibit A, Plaintiff provides a damage calculation. Plaintiff worked approximately 10 hours during the sole shift of the final workweek of his employment, but he was never paid any wage whatsoever for such time worked. *Id.* at ¶¶ 13-14.

At 10 hours, Plaintiff's unpaid federal minimum wages total $72.50 ($7.25 * 10 hours). *Id.* at ¶ 15. At 10 hours, Plaintiff's 2022 Arizona minimum wage damages total $128 ($12.80 * 10 hours). *Id.* at ¶ 16. Finally, Plaintiff's unpaid wages at his regular rate total $150 ($15 * 10 hours). *Id.* at ¶ 17. Accordingly, the damage calculation shows that Plaintiff is owed $150 in unliquidated damages. *Id.*

**4. The Possibility of Dispute Concerning Material Facts**

There is no dispute concerning the material facts because the factual allegations of Plaintiff's complaint are taken as true at this default stage. *Marcelos v. Dominguez*, No. 08-0056, 2009 WL 113383, at *4 (N.D Cal. Jan. 15, 2009). The fifth *Eitel* factor weighs in favor of default.

**5. Whether Default was Due to Excusable Neglect**

Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel*, at 1471-72. The Ninth Circuit has said "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominical Republic*, 817 F.2d 517, 521 (9th Cir. 1987). Here, Defendants have actual notice of the filing of the action. Plaintiff served all Defendants. (Docs. 10-12). Therefore, the default was not due to excusable neglect, and this factor weighs in favor of Plaintiff.

**6. The Policy Favoring a Decision on the Merits**

The final *Eitel* factor considers the preference for deciding cases on the merits. However, "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v.*

*Caridi*, 346 F.Supp.2d 1068, 1073 (C.D. Cal. 2004). Courts have concluded that "this factor does not weigh very heavily." *Id.*

As shown above, Defendants were served on January 30, 2023. (Docs. 10-12). Defendants have had ample time to answer or otherwise respond and have declined to do so. Rather than participate and seek a decision on the merits of the claim, Defendants have chosen to ignore the lawsuit altogether. Defendants cannot plausibly argue that they must have a decision on the merits after ignoring this lawsuit for months despite actual knowledge of the lawsuit and their obligations.

Therefore, Plaintiff has met all of the *Eitel* factors and the Court should enter default judgment against all Defendants.

**B. The Court Should Grant a Liquidated Damages Award**

The FLSA provides that any employer who violates the minimum or overtime wage provision is liable not only for the unpaid compensation but also "[a]n additional equal amount as liquidated damages." *Chao v. A-One Medical Service, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) (quoting 29 U.S.C. § 216(b), ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999)); *see also Fontes v. Drywood Plus, Inc*. No. CV-13-1901-PHX-LOA (D. Ariz. Dec. 2, 2013). Double damages are the norm and single damages are the exception. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003).

In addition, the AMWA requires liquidated damages be awarded in "an amount equal to twice the underpaid wages." Arizona Revised Statutes ("A.R.S.") § 23-364(G).

In addition, the AWA provides that "if an employer, in violation of this chapter, fails to pay wages due any employee, the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A).

Considering the foregoing, Plaintiff's various damages, fully liquidated, but exclusive of attorneys' fees and costs, are:

**i. Federal Minimum Wage Liquidated Damages**

Plaintiff's federal minimum wage damages of $72.50 must be doubled under 29 U.S.C. § 216(b) to $145. This amount should be assessed against Defendants Day and Night Medical Trans Inc. and Ammar Adam and Jane Doe Adam, jointly and severally.

**ii. Arizona Minimum Wage Liquidated Damages**

Plaintiff's Arizona minimum wage damages of $128 must be trebled under A.R.S. § 23-364(G) to $384. Because this amount engulfs Plaintiff's federal minimum wage damages, $384 is the appropriate total minimum wage award. This amount should be assessed against Defendants Day and Night Medical Trans Inc. and Ammar Adam and Jane Doe Adam, jointly and severally.

**iii. Arizona Unpaid Wages Must be Trebled**

Plaintiff's unliquidated unpaid wages total $150, inclusive of unpaid regular wages and exclusive of overtime, and must be trebled to $450 under A.R.S. § 23-355. Because this amount engulfs Plaintiff's minimum wage damages, $450 is the appropriate total unpaid wages award, exclusive of unpaid overtime. This amount should be assessed against Defendant Day and Night Medical Trans Inc.

### C. Plaintiff is Entitled to Recover Attorneys' Fees and Costs

Plaintiff is entitled to his attorneys' fees and costs pursuant to 20 U.S.C § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). The award of attorney's fees in such a proceeding is mandatory and is added to the amount of unpaid wages and liquidated damages. *See Orozco v. Borenstein*, 2013 WL 655119, at *1 (D. Ariz. February 21, 2013) ("It is not only appropriate to award fees to a successful plaintiff, it is mandatory.").

"A typical formulation is that plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The District of Arizona has recognized that, where the filing of an action causes a defendant to pay unpaid wages to an FLSA plaintiff–even without a judgment–, that plaintiff becomes the prevailing party and entitled to fees. *Orozco v. Borenstein*, 2013 WL 4543836, at *2 (D. Ariz., August 18, 2013). If the Court enters default judgment, Plaintiff will be the prevailing party for purposes of 29 U.S.C § 216(b) and entitled to his attorneys' fees and costs. Pursuant to LRCiv 54.2, Plaintiff will file a motion for attorneys' fees following the award of a default judgment.

## IV. Conclusion

Based on the foregoing, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants, individually and collectively, as demonstrated and requested above, in the amount of $450.

Plaintiff further requests that the Court allow him to file a motion for attorneys' fees and costs following the award of a default judgment.

Plaintiff further requests that these amounts be augmented further by post-judgment interest pursuant to 28 U.S.C § 1961 and costs and attorneys' fees incurred by Plaintiff in the collection of the amounts awarded herein.

RESPECTFULLY SUBMITTED this 5th Day of September 2023.

BENDAU & BENDAU PLLC

/s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th Day of September, 2023, a copy of the foregoing was transmitted electronically to the CM/ECF filing system for filing and transmittal along with copies transmitted to all counsel of record via the CM/ECF system. A copy of the foregoing was also sent via First Class Mail to the following:

Day and Night Medical Trans Inc.,
2501 W. Behrend Dr., Ste. 65
Phoenix, AZ 85027

Ammar Adam and Jane Doe Adam
2501 W. Behrend Dr., Ste. 65
Phoenix, AZ 85027

*Defendants Day and Night Medical Trans Inc. and Ammar Adam and Jane Doe Adam*

/s/ *Clifford P. Bendau, II*